# GOVERNMENT OF THE VIRGIN ISLANDS, Plaintiff

### v.

## JUNIEL CHARLESWELL, Defendant

Criminal No. F129/1990

Territorial Court of the Virgin Islands

Div. of St. Thomas and St. John

February 11, 1991

DENISE GEORGE–COUNTS, ESQ., Assistant Attorney General (Department of Justice), St. Thomas, V.I., *for Government-Plaintiff*

RHYS S. HODGE, ESQ., St. Thomas, V.I., *for defendant*

HODGE, *Presiding Judge*

## MEMORANDUM OPINION

The question before the Court is whether evidence pertaining to emotional stress of the Defendant at the time of the commission of the crimes charged should be excluded from evidence under Rule 403 of the Federal Rules of Evidence. For the reasons stated herein, the Court answers in the negative.

## FACTS

This matter comes before the Court on the GOVERNMENT's Motion In Limine to exclude evidence at trial in the above-captioned

case pertaining to the emotional stress of the Defendant at the time of the commission of the crimes charged on the ground that such evidence is irrelevant to the issue of Defendant's guilt or innocence.

The GOVERNMENT charged defendant, JUNIEL CHARLESWELL, with the following offenses: Count I, assault upon a peace officer with a deadly weapon, in violation of 14 V.I.C. Section 297(5); Count II, possession of a deadly weapon with intent to use the same unlawfully, in violation of 14 V.I.C. Section 2251(a)(2)(B); Count III, exhibiting and drawing a deadly weapon in a rude, angry and threatening manner in the presence of two or more persons, in violation of 14 V.I.C. Section 621(1); and Count IV, maliciously injuring real and personal property not his own in violation of 14 V.I.C. 1266.

The GOVERNMENT contends in support of its motion that it anticipates the Defendant will offer evidence that he was under extreme stress or emotional distress at the time of the commission of the crimes charged, and that the Virgin Islands Police Department was in some way responsible for his emotional state at the time. Arguing that Virgin Islands law does not recognize stress or emotional distress as a defense to any of the crimes with which the Defendant is charged, the GOVERNMENT asserts that any such evidence is irrelevant on the issue of guilt and is therefore inadmissible under Rule 403, Federal Rules of Evidence. The GOVERNMENT further contends that allowing this kind of evidence to be presented at trial would be tantamount to establishing an affirmative defense that does not exist in law.

Defendant opposes the motion on grounds that Third Degree Assault is a specific intent crime, and if the Defendant is not allowed to introduce evidence regarding his emotional state, he would not receive a fair trial. The Defendant also contends that Rule 403, Federal Rules of Evidence refers to relevant evidence and that testimony regarding emotional stress would not confuse the jury and that its probative value will far outweigh any prejudice to the Government's case.

## DISCUSSION

Rule 403, Federal Rules of Evidence provides:

Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

■ Evidence of Defendant's stress or emotional distress at the time of the commission of the crimes charged is relevant to the issue of intent which is an element within each crime charged which the GOVERNMENT must prove beyond a reasonable doubt. To allow such evidence to be excluded from trial would deny the jury an opportunity to hear relevant evidence that goes to the issue of intent. Such exclusion would be prejudicial to the Defendant since its probative value far outweighs any danger of confusion of the issues or of misleading the jury. The GOVERNMENT has the burden of proving every element of each crime with which the Defendant has been charged, including the element of intent. Indeed, any potential confusion can be addressed appropriately in instructions to the jury.

■■ The sole test for determining the relevancy of evidence is whether the factual information tendered for communication to the fact finder would be helpful in the determination of the factual matter that is in dispute. 1 S. Gard, Jones on Gard, Jones on Evidence Section 4:1 (6th Ed. 1972). Evidence of Defendant's stress or emotional distress would be helpful to the jury in determining the issue of whether the Defendant intended to commit the crimes with which he is charged; and as such would be neither confusing nor prejudicial.

## CONCLUSION

Accordingly, evidence of Defendant's emotional stress at the time of the commission of the crimes charged will be admitted at trial, and the Government's Motion In Limine to exclude such evidence will be Denied.

## ORDER

In accordance with the Memorandum Opinion of the even date, it is hereby

ORDERED, that the GOVERNMENT's Motion In Limine to exclude evidence of the Defendant's stress or emotional distress at the time of the commission of the crimes charged is DENIED.